UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 12 CR 019 |
| | § | |
| JAMAL GERARD MOSE-BURREL, | § | 18 U.S.C. §2 |
| Defendant | § | 18 U.S.C. §1344 |
| | § | 18 U.S.C. §1349 |
| | § | 18 U.S.C. §1028A |

UNSEALED PER ARREST 1-18-12

United States District Court
Southern District of Texas
FILED
JAN 11 2012
David J. Bradley, Clerk of Court

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Commit Bank Fraud, Title 18, U.S.C. §1349

1. Beginning on or about July 1, 2011, and continuing thereafter until September 7, 2011, in the Houston, Division of the Southern District of Texas and elsewhere,

### JAMAL GERARD MOSE-BURREL,

defendant herein, did knowingly combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, namely to execute and attempt to execute a scheme or artifice to defraud a financial institution, namely Capital One Bank, an FDIC insured bank, and to obtain money, funds, assets, and other property owned by, and under the custody and control of Capital One Bank, by means of false and fraudulent pretenses, and representations, and promises, in violation of Title 18, United States Code, Section 1344.

### OBJECT OF THE CONSPIRACY

2. It was the object of the conspiracy to unlawfully enrich the defendant, and others known and unknown to the Grand Jury, by submitting at branches of Capital One Bank, counterfeit

1

checks and fraudulent counter withdrawal slips, drawn on the accounts of Capital One Bank customers whose personal and account information had been unlawfully accessed and obtained, and who had not authorized withdrawal of money from their accounts by those involved in the conspiracy.

## MANNER AND MEANS

The manner and means of the conspiracy included, but were not limited to the following:

3. Defendant MOSE-BURREL would and did work for Capital One Bank during the conspiracy.

4. Defendant MOSE-BURREL would and did access the personal and account information of customers at Capital One Bank for the purpose of providing that information to a co-conspirator known as T.J. in return for cash payments.

5. Defendant MOSE-BURREL would and did meet with and provide T.J. with Capital One Bank customer personal and account information.

6. Unidentified co-conspirators would and did present to Capital One Bank branches counterfeit checks made in the names of the Capital One Bank customers whose information had been provided to T. J. by defendant MOSE-BURREL.

7. Unidentified co-conspirators would and did present to Capital One Bank branches fraudulent counter withdrawal slips made in the names of the Capital One Bank customers whose information had been provided to T. J. by defendant MOSE-BURREL.

8. Unidentified co-conspirators would and did present to Capital One Bank branches counterfeit Texas driver's licenses in support of the counterfeit checks and fraudulent withdrawal slips generated from the information provided by defendant MOSE-BURREL to T. J.

9. Defendant MOSE-BURREL would and did receive cash payments from T.J. after T. J. fraudulently used the personal and account information provided by the defendant MOSE-BURREL.

10. Defendant MOSE-BURREL would and did cause Capital One Bank actual loss in the amount of at least $85,929.00 through the presentation of counterfeit checks and fraudulent withdrawal slips.

11. Defendant MOSE-BURREL would and did access without authorization at least 50 bank accounts causing a potential loss to Capital One Bank of over $2,000,000.00.

## OVERT ACTS

12. In furtherance of the conspiracy and to effect the objects thereof, the defendant, aided and abetted by others known and unknown to the Grand Jury, performed and caused to be performed, among others, the overt acts set forth in Counts Two through Eleven of this Indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment. In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TEN
### Bank Fraud, Title 18, U.S.C. §1344

13. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 – 11 of Count One above.

14. Beginning on or about July 1, 2011, and continuing thereafter until September 7, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Capital One Bank, an FDIC insured bank, and to obtain money, funds, credits, assets,

and other property owned by, and under the custody and control of Capital One Bank, by means of false and fraudulent pretenses, and representations, and promises.

## PURPOSE OF THE SCHEME AND ARTIFICE

15. It was the purpose of the scheme and artifice to obtain money from Capital One Bank through the use of counterfeit checks and fraudulent withdrawal slips, from the accounts of Capital One customers whose personal and account information had been unlawfully obtained, and who had not authorized withdrawal of money from their accounts by those involved in the conspiracy.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

16. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, the Manner and Means alleged in paragraphs 3 though 11 of Count One of this Indictment.

## EXECUTION OF THE SCHEME AND ARTIFICE

17. On or about the dates set forth in the counts below, in the Houston Division of the Southern District of Texas and elsewhere, on or about the dates listed below,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, aided and abetted by others known and unknown to the Grand Jury, did execute and attempt to execute the aforesaid described scheme and artifice to defraud Capital Once Bank and obtain money, funds, credits, assets, and other property owned by and under the custody and control of Capital One, by means of false and fraudulent pretenses, and representations, and promises, namely by submitting counterfeit checks and fraudulent counter withdrawal slips, as set forth in the Counts below.

| Count | Date | Name | Amount | Nature of falsity and misrepresentation, includes but not limited to: |
|---|---|---|---|---|
| 2 | 8/12/11 | G.M.K. | $1,890.00 | Check withdrawal not authorized by G.M.K.; check not issued by G.M.K.; signature forged |
| 3 | 8/18/11 | G.M.K. | $1,876.00 | Check withdrawal not authorized by G.M.K.; check not issued by G.M.K.; signature forged |
| 4 | 8/18/11 | R.D.S. | $9,860.00 | Check withdrawal not authorized by R.D.S.; signature forged |
| 5 | 8/20/11 | A.D.S. | $4,500.00 | Check withdrawal not authorized by A.D.S.; signature forged |
| 6 | 8/24/11 | J.D. | $40,000.00 | Counter withdrawal not authorized by J.D.; signature forged |
| 7 | 8/26/11 | W.W. | $9,970.00 | Check withdrawal not authorized by W.W.; signature forged |
| 8 | 8/26/11 | J.W.G. | $9,987.00 | Check withdrawal not authorized by J.W.G.; signature forged |
| 9 | 8/26/11 | S.D.W. | $5,800.00 | Counter withdrawal not authorized by S.D.W.; signature forged |
| 10 | 8/26/11 | L.D.H. | $7,550.00 | Counter withdrawal not authorized by L.D.H.; signature forged |

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT ELEVEN
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

18. On or about August 16, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, personal information and Capital One Bank account information of R.D.S., a real person, during and in relation to violations of Title 18, United States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## COUNT TWELVE
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

19. On or about August 16, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the personal information and Capital One Bank account information of A.D.S., a real person, during and in relation to violations of Title 18, United States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## COUNT THIRTEEN
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

20. On or about August 17, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the personal information and Capital One Bank account information of J.D., a real person, during and in relation to violations of Title 18, United States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## COUNT FOURTEEN
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

21. On or about August 25, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the personal information and Capital One Bank account information of W.W., a real person, during and in relation to violations of Title 18, United States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## COUNT FIFTEEN
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

22. On or about August 24, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the personal information and Capital One Bank account information of J.W.G., a real person, during and in relation to violations of Title 18, United States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## COUNT SIXTEEN
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

23. On or about August 25, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the personal information and Capital One Bank account information of S.D.W., a real person, during and in relation to violations of Title 18, United

States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## COUNT SEVENTEEN
### Aggravated Identity Theft, Title 18, U.S.C. §1028A

24. On or about August 24, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMAL GERARD MOSE-BURREL,**

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the personal information and Capital One Bank account information of L.D.H., a real person, during and in relation to violations of Title 18, United States Code, Sections 1344 and 1349, specifically bank fraud and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1028A.

## NOTICE OF CRIMINAL FORFEITURE
### 18. U.S.C. § 982(a)(2)

Pursuant to Title 18, United States Code, Section 982(a)(2), the United States gives notice to the defendant

**JAMAL GERARD MOSE-BURREL,**

that upon conviction for violations of Title 18, United States Code, Sections 1344 and 1349, as alleged in this Indictment, all property that constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violations shall be forfeited to the United States.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture pursuant to Title 18 United States Code Section 982(a)(2), as a result of any act or omission by any Defendant,

    a. cannot be located upon exercise of due diligence;

    b. has been placed beyond the jurisdiction of the Court;

    c. has been transferred or sold to, or deposited with a third party;

    d. has been substantially diminished in value, or

    e. has been comingled with other property which cannot be divided without difficulty,

it is the intention of the United States to seek forfeiture of any other property of the Defendants up to the value of such property, pursuant to Title 21, United States Code 853 (p), incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
JULIE M. REDLINGER
ASSISTANT UNITED STATES ATTORNEY